IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRISTIN DAVANON, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|    v. | ) No. |
| | ) |
| LIFE INSURANCE COMPANY | ) |
| OF NORTH AMERICA, | ) |
| | ) |
|        Defendant. | ) |

## COMPLAINT

Now comes the Plaintiff, KRISTIN DAVANON (a/k/a KRISTIN ADAMIEC) ("Davanon" or "Plaintiff"), by her attorneys, MARK D. DEBOFSKY and DEBOFSKY SHERMAN CASCIARI REYNOLDS, P.C., and complaining against the Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA" or "Defendant"), she states as follows:

### JURISDICTION

1. Jurisdiction of this Court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"), and in particular, ERISA § 502(e)(1) and (f) (29 U.S.C. §§ 1132(e)(1) and (f)). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of employee welfare benefit plans, which, in this case, involves group short-term and long-term disability ("LTD") insurance policies underwritten and administered by Defendant for the benefit of employees of Optimas OE Solutions Holdings, LLC– Policy LK-0966001/SHD-0963334.

2. This action may also be brought before this Court pursuant to 28 U.S.C. § 1331, which provides subject matter jurisdiction over actions that arise under the laws of the United States.

3. The ERISA statute provides, at ERISA § 503 (29 U.S.C. § 1133), a mechanism for administrative or internal appeals of adverse benefit determinations. All required pre-litigation appeals have been exhausted prior to the filing of this Complaint.

## VENUE

4. Venue is proper in the Northern District of Illinois, Eastern Division pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) and 28 U.S.C. § 1391 because Plaintiff resides in this District, and a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District at all times relevant hereto.

## NATURE OF ACTION

5. This case seeks the payment of all STD and LTD benefits claimed due since January 20, 2020 pursuant to group insurance coverage sponsored by Optimas OE Solutions Holdings, LLC and underwritten and insured by LINA. This action is brought as a claim for benefits due pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)), along with prejudgment interest pursuant to ERISA §§ 502(a)(1)(B) and/or 502(a)(3); and Plaintiff also seeks attorneys' fees and costs pursuant to ERISA § 502(g) (29 U.S.C. § 1132(g)).

## PARTIES

6. At all times relevant hereto, Plaintiff, Kristin Davanon (married name - Krisin Adamiec), who was born in 1978 and who lives within the Northern District of Illinois, worked for Optimas OE Solutions Holdings, LLC as Global Director of Category Management from October 1, 2018 until January 20, 2020, when she became unable to work due to multiple sclerosis (MS). She has not worked in any capacity since that date.

7. During her employment at Optimas OE Solutions Holdings, Davanon received STD/LTD coverage through her employer which remained in full force and effect at the time

2

benefits accrued by reason of premiums paid. The STD/LTD coverage was part of an "employee welfare benefit plan" as defined by ERISA § 3(1) (29 U.S.C. § 1002(1)). Plaintiff received coverage as a "participant" as defined by ERISA § 3(7) (29 U.S.C. § 1002(7)).

8. At all times relevant hereto, LINA was the underwriter and administrator of the STD/LTD coverage; and was doing business within the Northern District of Illinois, Eastern Division.

## STATEMENT OF FACTS

9. As a result of multiple sclerosis, which caused both physical and cognitive impairments, Davanon had to cease working at Optimas on January 20, 2020; and she has not engaged in gainful work since that date.

10. Shortly after she ceased working, Davanon applied for both short-term and long-term disability benefits from LINA and concurrently applied for Social Security disability insurance benefits. The Social Security application was approved, signifying a finding by the Social Security Administration that Davanon is unable to engage in "any substantial gainful activity," the definition of "disabled" contained in 42 U.S.C. § 423(d)(1)(A), a much more rigorous definition of disability than the occupation-specific definitions of disability contained in the short-term and long-term disability plans.

11. Despite Davanon's submission of evidence to LINA establishing that he met the STD and LTD disability definitions, including the complete Social Security claim file and results of neurological examinations and testing, as well as neuropsychological testing, LINA refused to pay benefits to Plaintiff.

12. Plaintiff has fully exhausted all required claim appeals prior to filing this Complaint.

13. The denial of Plaintiff's claim for short-term and long-term disability insurance benefits placed Defendant's financial considerations ahead of an objective and fair evaluation of Plaintiff's claim and was biased in favor of a denial of benefits. LINA has thus failed to meet its fiduciary obligations under ERISA to provide Plaintiff with an accurate claim decision that took into consideration all relevant and reliable evidence and to utilize "higher-than-marketplace quality standards" as required by the United States Supreme Court in *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 115, 128 S. Ct. 2343, 2350 (2008); and to provide Plaintiff with a "full and fair review" as required by ERISA § 503 (29 U.S.C. § 1133) and 29 C.F.R. § 2560.503-1. Defendant also disregarded its obligation under a 2013 Regulatory Settlement Agreement between Defendant and the insurance directors of all 50 states to give deference to a favorable Social Security determination.

14. The evidence submitted to Defendant conclusively established that Plaintiff has been and remains disabled and unable to work in her occupation since she ceased working in January 2020. Plaintiff is therefore entitled to receive all STD and LTD benefits that have accrued since she ceased working, along with payment of prejudgment interest on all benefits in arrears, reimbursement of costs, and an award of attorneys' fees payable pursuant to 29 U.S.C. § 1132(g).

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against Defendant, and that the Court order Defendant to pay all past due STD and LTD benefits to Plaintiff due since January 2020 pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B));

B. That the Court order Defendant to pay Plaintiff prejudgment interest on all LTD benefits that have accrued prior to the date of judgment at an appropriate rate of interest pursuant to

4

ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)) and/or ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3));

C. That the Court issue a declaratory judgment ordering Defendant to continue to pay Plaintiff LTD benefits for so long as she continues to meet the Policy's terms and conditions for ongoing benefit payments;

D. That the Court award Plaintiff attorneys' fees and costs pursuant to ERISA § 502(g) (29 U.S.C. § 1132(g)); and

E. That the Court award Plaintiff any and all other penalties, damages, and equitable relief to which she may be entitled, as well as her costs of suit.

Dated: May 6, 2021                                           Respectfully submitted,

/s/ Mark D. DeBofsky
Mark D. DeBofsky
One of the Attorneys for Plaintiff
Scott Scanlon

Mark D. DeBofsky
DeBofsky Sherman Casciari Reynolds, P.C.
150 N. Wacker Dr., Suite 1925
Chicago, Illinois 60606
Voice: (312) 561-4040
Fax: (312) 929-0309
Email: mdebofsky@debofsky.com