IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRISTIN DAVANON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LIFE INSURANCE COMPANY ) <br> OF NORTH AMERICA and OPTIMAS ) <br> OE SOLUTIONS HOLDINGS, LLC, ) <br> ) <br> Defendants. ) | No. 1:21-CV-02451 <br><br> Hon. John Robert Blakey <br> Hon. Magistrate Sheila M. Finnegan |

## DEFENDANT OPTIMAS OE SOLUTIONS HOLDINGS, LLC'S MOTION FOR ENTRY OF JUDGMENT

Defendant Optimas OE Solutions Holdings, LLC ("Optimas"), pursuant to Federal Rule of Civil Procedure 52 ("Rule 52"), submits its Motion for Entry of Judgment, along with its Rule 52 Proposed Findings of Fact and a Memorandum of Law filed herewith, in response to Plaintiff Kristin Davanon's ("Plaintiff") First Amended Complaint. In support, Optimas states:

1. Under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 29 U.S.C. § 1001, *et seq.*, Plaintiff asserts that her former employer Optimas is responsible for unpaid short-term disability ("STD") benefits following co-defendant Life Insurance Company of North America's ("LINA") decision to deny Plaintiff continued benefits under Optimas' STD benefits plan (the "STD Plan"). Optimas funds the STD Plan, while LINA is the administrator of the STD Plan. *See* Dkt. 8.

2. Plaintiff has the burden of establishing that she is entitled to the remaining STD benefits. However, given the language in the STD Plan that conveys discretion to LINA to determine Plaintiff's eligibility under the STD Plan, she must do so under the least demanding form of judicial review – the arbitrary and capricious standard. Under this deferential standard of

review, Plaintiff must prove that LINA's denial decision was "downright unreasonable." She cannot do so.

3. The administrative record confirms that Plaintiff did not submit any clinical findings, test results, or assessments of cognitive function to support the notion Plaintiff was unable to perform each of the material duties of her job – *i.e.*, the definition of "disabled" under the STD Plan.

4. While her treating physician opined that she was unable to maintain gainful employment, he did not conduct any cognitive testing to support his conclusion. When Plaintiff did submit neuropsychological evaluations to LINA, these likewise did not support a conclusion that she was unable to perform all of the material duties of her job. Indeed, LINA could not even rely on any impaired results in the most recent exam before it due to validity measures in the exam that established Plaintiff had engaged in "suboptimal effort," which prevented any physician from linking the impaired results to Plaintiff's cognitive limitations.

5. Three independent reviewing physicians and a nurse case manager agreed that the records before LINA did not support cognitive or physical limitations that would render Plaintiff "disabled" under the STD Plan.

6. In light of the evidence in the administrative record, Plaintiff is unable to establish that LINA's decision to deny her STD claim was arbitrary and capricious.

7. Notwithstanding, even under a *de novo* standard of review, Plaintiff is unable to meet her burden of proof because LINA's decision aligns with the evidence in the record.

8. In support of this motion, Optimas has simultaneously filed proposed findings of fact and a memorandum of law, which support the conclusion that Plaintiff's STD claims must be dismissed.

WHEREFORE, Defendant Optimas respectfully requests this Court grant Optimas's Rule 52 Motion, dismiss the ERISA STD claims in their entirety, enter judgment in Optimas and LINA's favor on the ERISA STD claims, and grant any other relief this Court deems equitable and just.

Dated: February 11, 2022

Respectfully submitted,

**OPTIMAS OE SOLUTIONS HOLDINGS, LLC**

By: */s/ Eliabeth S. Ralph*
Elizabeth S. Ralph
ralphe@gtlaw.com
Kara E. Angeletti
angelettik@gtlaw.com
**GREENBERG TRAURIG, LLP**
77 W. Wacker Drive, Suite 3100
Chicago, IL 60601
Tel: 312-456-8400
Fax: 312-456-8435

*Attorneys for Defendant Optimas OE Solutions Holdings, LLC*

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, hereby certifies that on February 11, 2022, a true and complete copy of the foregoing was filed via the Court's CM/ECF system to be served by the Court's CF/ECF system via e-mail on all parties of record.

                                                                                     By: /s/ *Kara E. Angeletti*
                                                                                     One of Defendant's Attorneys